UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

EDSON MAITLAND

                Plaintiff,

    -against-

KONICA MINOLTA BUSINESS SOLUTIONS,

               Defendant.
------------------------------------------------------X

RECEIVED
IN CHAMBERS OF
A. KATHLEEN TOMLINSON

★ OCT 0 6 2009 ★

TIME A.M. ........................
       P.M. ........................

Amended Complaint

09-CV-1675 (JS)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 02 2009 ★

LONG ISLAND OFFICE

## INTRODUCTION

1. This is an action, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. s 2000e et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. s 621 et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. s 12101 et seq., and the Family Medical Leave Act and Retaliation Discharge under the Family Medical Leave Act ("FMLA"). And the New York State Executive Law sec 296 and 297 for employment discrimination based upon race, age, disability and reprisal. Plaintiff seeks appropriate monetary relief as well as appropriate equitable and other relief to redress the wrongdoing complained of herein.

2. On April 23, 2009, plaintiff filed a pro se action seeking relief pursuant to Title VII of the Civil Rights act of 1964 ("Title VII"), 42 U.S.C. sec 2000e et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. sec 621 et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sec 12101 et seq. Attached was plaintiff Equal Employment Opportunity Commission ("EEOC") Right to Sue letter dated February 25, 2009. On July 6, 2009 plaintiff's pro se Complaint and

Motion to proceed in <u>forma pauperis</u> was GRANTED.

## BACKGROUND

Plaintiff stated that his employer, Konica Minolta Business Solutions, discriminated and retaliated against him on the basis of his race, age, and impairment ("mental illness"), in violation of Title VII, the ADEA, the ADA and the Family Medical Leave Act. Plaintiff had attaches his New York State Division of Human Right Complaint and had provided a narrative in which plaintiff stated that he is black, over forty years of age, and plaintiff had work for Defendant for five years with above average performance reviews. (Human Rights Compl. 1-3.). Plaintiff stated that he was involuntary hospitalize for bi-polar and plaintiff hospitalization was due to the discrimination plaintiff suffered on the job. Plaintiff stated that defendant had also violated the Family Medical Leave Act by terminating him and preventing him from using his Family Medical Leave and so as a result impeded plaintiff from exercising his Family Medical Leave Act protected rights. Plaintiff also stated that he was treated differently from white employee by, <u>inter alia,</u> failing to get a company car and by the company failing to protect his rights under the Family Medical Leave Act, which other white employee would benefit from. Plaintiff was subsequently fired due to plaintiff age, color, disability and that he was discharge and preventing from using the company Family Leave Act (interference) while he was totally disable and was unable to take care of himself. Plaintiff would be retaliated against in violation of the Family Medical leave Act and so impeding him from exercising his Family Medical Leave Act protected rights and also in retaliation for complaining to the company Human Resources Department and to management.

## FIRST COUNT

3. Plaintiff alleges that the foregoing actions by defendants and their agents violate Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. S2000e et seq. in that defendant's actions constitute unlawful employment practices because of plaintiff's race, to wit: Black.

4. By their actions, defendants and their agents treated plaintiff differently from other employees on account of his race and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amend, 42 U.S.C. S2000e et seq..

5. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S2000e et seq..

6. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

7. Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

8. By reason of the actions and inactions defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon race, plaintiff has been severely damaged.

9. Plaintiff has suffered loss of economic benefits and salary. Plaintiff has suffered emotional and physical damage.

10. In addition, plaintiff has also suffered embarrassment, humiliation and damage to plaintiff reputation.

11. Plaintiff suffered anxiety, depression, emotional stress, loss of self-esteem and otherwise greatly injured. Plaintiff suffer Bi-polar Disorder.

12. Plaintiff house is in foreclosure. Plaintiff is an outpatient at Hillside Psychiatric Hospital.

13. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief; including an expungement of all discriminatory and motivated records; compensatory and punitive damages, in an amount which may also determined at trial, together with appropriate interest thereon; and an award expert fees, court costs and disbursements.

## SECOND COUNT

14. Plaintiff alleges that the foregoing actions by defendants and their agents, which occurred as the result of plaintiff's prior protected activity, violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S2000e et seq. in that defendants' actions constitute unlawful employment practices because of retaliation and reprisal, in that defendants and their agents have discriminated against plaintiff and undertaken the complained of actions because of plaintiff prior protected activity.

15. By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S2000e et seq..

16. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S2000e et seq..

17. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

18. Defendants' act of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

19. By reason of the actions and inactions of defendants and their agents, where defendants and their agents have engaged in unlawful discriminatory practices based upon retaliation and reprisal, plaintiff has been severely damaged.

20. Plaintiff has suffer loss of economic benefits and salary. Plaintiff suffered emotional and physical damage.

21. In addition, plaintiff suffered embarrassment, humiliation and damage to plaintiff reputation.

22. Plaintiff suffer anxiety, depression, emotional stress, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from Bi-polar Disorder.

23. Plaintiff house is in foreclosure. Plaintiff is an outpatient at Hillside Psychiatric Hospital.

24. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages, in an amount also to be determined at trial, together with appropriate interest thereon; and an award of expert fees, and court costs and disbursements.

## THIRD COUNT

25. Plaintiff alleges that the foregoing actions by defendant and its agents violate the American With Disabilities Act, 42 U.S.C. S12101 et seq., in that defendant's actions constitute an unlawful employment practice because of plaintiff disability, ("mental illness").

26. By their actions, defendant and its agents treated plaintiff differently from other employees on account of plaintiff disability and discriminated against her in compensation, terms, conditions and privileges of employment in violation of the American With Disabilities Act, 42 U.S.C. S12101 et seq.

27. Defendant and its agents cannot demonstrate any legitimate non-discriminatory reason for their actions complained of therein; nor can their actions by otherwise justified under 42 U.S.C. S12101 et seq. Any alleged non-discriminatory reason is nothing more than a pretext so that defendant and its agents could attempt to mask their actions.

28. Defendant's and it agents' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

29. By reason of defendant's actions and inaction, whereby defendant and its agents have engaged in unlawful discriminatory practices base upon plaintiff's disability, plaintiff has been severely damaged.

30. Plaintiff has suffered loss of economic benefits, salary and employment prospects. Plaintiff has also been damage physically and emotionally.

31. Plaintiff suffer anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from Bi-polar Disorder.

33. Plaintiff house is in foreclosure. Plaintiff is an outpatient at the Hillside Psychiatric Hospital.

34. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award expert fees, court costs and disbursements.

## FOURTH COUNT

35. Plaintiff alleges that the foregoing actions by defendant and its agents violate the Age Discrimination in Employment Act of 1967 ('ADEA'), 29 U.S.C. S 621 et seq. in that defendant's actions constitute unlawful employment practices because of plaintiff's age, to wit: over forty

36. By their actions, defendants and their agents treated plaintiff differently from other employees on account of plaintiff age and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. S 621 et seq.

37. Defendant and its agents cannot demonstrate any legitimate non-discriminatory reason for their actions complained of herein; nor can their actions be otherwise justified under 29 U.S.C. S 621 et seq. Any alleged non-discriminatory reason is nothing more than a pretext so that defendant and its agents could attempt to mask their actions.

38. Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

39. By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon age, plaintiff have been severely damaged.

40. Plaintiff has suffered loss of economic benefits and salary. Plaintiff has also been damaged physically and emotionally.

41. Plaintiff suffered anxiety, depression, emotional stress and suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from bi-polar Disorder.

42. Plaintiff house is in foreclosure. Plaintiff is an outpatient at the Hillside Psychiatric Hospital.

43. Because of the actions complained of, plaintiff has become entitle to appropriate injunctive and monetary relief; an expungement of all discriminatorily motivated records; compensatory and punitive damages, in an amount to be determined at trial, together with appropriate interest thereon; expert fees and court cost and disbursements.

## FIFTH COUNT

44. Plaintiff alleges that the foregoing actions by defendant and its agents violate Article 15 of the New York State Executive Law, specifically ss 296 and 297, in that defendant's actions constitute unlawful employment practices because of plaintiff's race, to wit: black.

45. By their actions, defendant and its agents treated plaintiff differently from other employees on account of plaintiff race and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically 296 and 297.

46. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Article 15 of the New York State Executive Law, specifically ss 296 and 297. Any alleged non-discriminatory reason is nothing more than a pretext so that the defendants and their agents could attempt to mask their actions.

47. Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

48. By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon race, plaintiff has been severely damaged.

49. Plaintiff has suffered loss of economic benefits and salary. Plaintiff has also been damaged physically and emotionally.

50. Plaintiff has suffered anxiety, depression, and emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from Bi-polar Disorder.

51. Plaintiff house is in foreclosure. Plaintiff is an outpatient at the Hillside Psychiatric Hospital.

52. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory damages in an amount to be determined at trial together with appropriate interest thereon; and award for court costs and disbursements.

## SIXTH COUNT

53.     Plaintiff alleges that the foregoing actions by defendant and their agents, which occurred subsequent to plaintiff's prior protected activity, violate Article 15 of the New York State Executive Law, specifically ss 296 and 297, in that defendants' actions constitute unlawful employment practices because of retaliation and reprisal, in that defendants and their agents have discriminated against plaintiff and undertaken the complained of actions because of his prior protected activity.

54.     By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically ss 296 and 297.

55.     Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Article 15 of the New York State Executive Law, specifically ss 296 and 297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

56.     Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

57.     By reason of the actions and inactions of defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices based upon retaliation and reprisal, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits and salary. Plaintiff has also been damage physically and emotionally.

58.     Plaintiff has suffered anxiety, depression, emotional stress and suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from Bi-polar Disorder.

59.     Plaintiff house is in foreclosure. Plaintiff is an outpatient at the Hillside Psychiatric Hospital.

60.     Because of the actions complained of, plaintiff has become entitled to appropriate injunction and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount also to be determined at trial together with appropriate interest thereon; and an award of expert fees, court costs and disbursements.

## SEVENTH COUNT

61. Plaintiff alleges that the foregoing actions by defendant and their agents violate Article 15 of the New York Executive Law, specifically ss 296 and 297, in that defendant's actions constitute an unlawful employment practice because of plaintiff disability.

62. By their actions, defendant and their agents treated plaintiff from other employees on account of plaintiff disability and discriminated against plaintiff in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, specifically ss 296 and 297.

63. Defendant and their agents cannot demonstrate any legitimate non-discriminatory reason for their actions complained of herein; nor can their actions be otherwise justified under Article 15 of the New York State Executive Law, specifically ss 296 and 297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendant and its agents could attempt to mask their actions.

64. Defendant's and its agents' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff protected rights.

65. By reason of defendant's and their agents' actions and inactions, whereby defendant and its agents have engaged in unlawful discriminatory practices based upon plaintiff's disability, plaintiff has been severely damaged. Plaintiff has suffered economic benefits, salary and employment prospects. Plaintiff has also been damaged physically and emotionally.

66. Plaintiff has suffered anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from Bi-polar Disorder.

67. Plaintiff house is in foreclosure. Plaintiff is an outpatient at the Hillside Psychiatric Hospital.

68. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an end to the harassment an expungement of all discriminatorily motivated records; compensatory and punitive damages, in an amount determined at trial together with appropriate interest thereon and an award of expert fee, and court costs and disbursements.

## EIGHTH COUNT

69. Plaintiff alleges that the foregoing actions by defendants and their agents violation Article 15 of the New York State Executive Law, specifically ss296 and 297, in that defendants' actions constitute unlawful employment practices because of plaintiff's age, to wit: over 40.

70. The unlawful employment practices violated the Age Discrimination Act (ADEA) as amended (covers ages 40 years of age or older in employment)

71. By their actions, defendants and their agents treated plaintiff differently from other employees on account of plaintiff age and discriminated against him in compensation, terms, conditions and privileges of employment in violation of Article 15 of the New York State Executive Law, ss specifically ss 296 and 297.

72. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Article 15 of the New York State Executive Law, specifically ss 296 and 297. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

73. Defendant's and its agents' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

74. By reason of defendant's and its agents' actions and inactions, whereby defendant and its agents have engaged in unlawful practices based upon plaintiff age, plaintiff has been severely damaged. Plaintiff has suffer loss of economic benefits, salary. Plaintiff has also been damaged physically and emotionally.

75. Plaintiff suffer anxiety, depression, emotional stress and has suffered embarrassment, humiliation, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffer from Bi-polar Disorder.

76. Plaintiff house is in foreclosure. Plaintiff is an outpatient at the Hillside Psychiatric Hospital.

77. Because of the actions complained of, plaintiff has become entitled to appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon; and an award of expert fees, court costs and disbursements.

9

## NINTH COUNT

79. Plaintiff alleges that the foregoing actions by defendant and their agent violate the Family Medical Leave Act and prevent plaintiff from exercises his protected rights. Defendant's actions constitute unlawful employment practices because of serious medical condition. It is not only plaintiff obligation of plaintiff to obtain information about Family Medical Leave when the employee is totally disable but a prudent employers would document the reason provided by employee absences from work, and offer FMLA leave as soon as it become apparent that an employee is eligible for such a leave.

80. By their actions, defendants and their agents treated plaintiff differently from other employees on account of his Family Medical Leave ("FMLA") and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act.

81. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under the Family Medical Leave Act.

82. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

83. Defendants' acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

84. By reason of the actions and inactions defendants and their agents, whereby defendants and their agents have engaged in unlawful discriminatory practices base upon Family Medical Leave, plaintiff has been severely damage.

85. Plaintiff has suffered loss of economic benefits and salary. Plaintiff has suffered emotional and physical damage.

86. In addition, plaintiff has also suffered embarrassment, humiliation and damage to plaintiff reputation.

87. Plaintiff suffered anxiety, depression, emotional stress, loss of self-esteem and otherwise greatly injured. Plaintiff suffer Bi-polar Disorder.

88. Plaintiff house is in foreclosure. Plaintiff is an outpatient at Hillside Psychiatric Hospital.

89. Because of the actions complained of, plaintiff has become entitle to appropriate injunctive and monetary relief; including an expungement of all discriminatory and motivated records; compensatory and punitive damages, in an amount which may also determined at trial, together with appropriate interest thereon; and an award expert fees, court costs and disbursements.

## Tenth count

90. Plaintiff alleges that foregoing action by defendants and their agents which occurred as the result of plaintiff Family Medical Leave Act protect rights in that defendants actions constitute unlawful employment practices because of retaliation and reprisal, in that defendants and their agents have discriminated agents have discriminated against plaintiff and undertaken the complained of actions because of plaintiff Family Medical Leave Act protect right has been damaged physically and emotionally.

91. By their actions, defendants and their agents treated plaintiff differently from other employees on account of retaliation and reprisal and discriminated against plaintiff compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act.

92. Defendants and their agents cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can their actions be otherwise justified under Family Medical Leave Act.

93. Any alleged non-discriminatory reason is nothing more than a pretext so that defendants and their agents could attempt to mask their actions.

94. Defendants' act of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

95. By reason of the actions and inactions of defendants and their agents, where defendants and their agents have engaged in unlawful discriminatory practices based upon retaliation and reprisal, plaintiff has been severely damaged.

96. Plaintiff has suffered loss of economic benefit and salary. Plaintiff suffered emotion and physical damage.

97. In addition, Plaintiff has also suffered embarrassments, humiliation and damage to plaintiff reputation.

98. Plaintiff suffer anxiety, depression, emotional stress, loss of self-esteem and has been otherwise greatly injured. Plaintiff suffered from Bi-polar Disorder.

99. Plaintiff house is in foreclosure. Plaintiff is an outpatient at Hillside Psychiatric Hospital.

100. Because of the action complained of, plaintiff has become entitled to appropriate injunctive and monetary relief; an expungement of all discriminatorily motivated records; compensatory and punitive damages, in an amount to be determined at trial, together with appropriate interest thereon; and an award of expert fees, and court costs and disbursements.

## JURY DEMAND

78.      Plaintiff herein demands a trial by jury of all issues in this action

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that plaintiff awarded the following relief;

   a. on the first count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   b. on the second count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   c. on the third count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   d. on the fourth count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   e. on the fifth count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   f. on the sixth count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated , records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   g. on the seventh count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated, records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

   h. on the eighth count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated, records; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon:

i.  on the ninth count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated, records, compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

j.  on the tenth count, appropriate injunctive and monetary relief, including an expungement of all discriminatorily motivated, records, compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon;

k.  award of expert fees, court cost and disbursements; and

l.  such other and further relief as this count may deem just and proper.

Date: Roosevelt, New York
      October 2, 2009

                                        Respectfully Submitted

                                        *signature*

                                        EDSON   MAITLAND
                                        Plaintiff
                                        224 Park Ave
                                        Roosevelt N Y 11575
                                        (516) 608-5674

To :   Loren M. Gesinsky
       Gibbons DelDeo Dolon Griffinger & Vecchione
       Attorneys for Defendants
       One Pennsylvania Plaza
       37th Floor
       New York, N.Y. 10119-3701