```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDSON MAITLAND,

            Plaintiff,                     MEMORANDUM & ORDER
                                           09-CV-1675(JS)(AKT)
       - against -

KONICA MINOLTA BUSINESS SOLUTIONS,

            Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Edson Maitland, Pro Se
                    224 Park Avenue
                    Roosevelt, NY 11575

For Defendant:      Loren M. Gesinsky, Esq.
                    Gibbons DelDeo Dolan Griffinger & Vecchione
                    One Pennsylvania Plaza, 37th floor
                    New York, NY 10119-3701

                    Suzanne Herrmann Brock, Esq.
                    Gibbons, P.C.
                    One Gateway Center
                    Newark, NJ 07102
```

SEYBERT, District Judge:

On April 23, 2009, Plaintiff Edson Maitland ("Plaintiff") filed this pro se action seeking relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff attaches his timely February 25, 2009, Equal Employment Opportunity Commission ("EEOC") Right To Sue letter. Presently before the Court is Plaintiff's application entitled "REQUESTION FOR MOTION. REQUESTION FOR SANCTIONS SUMMARY

JUDGMENT MOTION." For the reasons that follow, Plaintiff's application is DENIED.

## BACKGROUND

Plaintiff alleges that his former employer, Konica Minolta Business Solutions ("KMBS"), discriminated and retaliated against him on the basis of his race, age, and impairment ("mental illness"), in violation of Title VII, the ADEA, and the ADA. Plaintiff attaches his New York State Division of Human Rights Complaint and provides a narrative in which he alleges that he is black, over forty years of age, and that he had worked for Defendant for five years with above average performance reviews. (Human Rights Compl. ¶¶ 1-3.) Plaintiff alleges that he was involuntarily hospitalized for bi-polar disorder and that his hospitalization was due to the discrimination he suffered at work. Id. Plaintiff also alleges that he was treated differently from white employees because, inter alia, he was not given a company car. Subsequently, KMBS terminated Plaintiff's employment, allegedly due to his age and color, and in retaliation for his submission of a complaint to the company's Human Resources department. Id.

## DISCUSSION

Prior to moving for summary judgment, parties must comply with Rule IV.F of the Court's Individual Motion Practices. Rule IV.F states:

2

F. Motions for Summary Judgment:

    1. <u>Exchange of 56.1 Statements</u>

A party seeking to file a motion for summary judgment must first serve a statement pursuant to Rule 56.1 of the Local Rules for the Eastern District of New York setting forth the material facts as to which the moving party contends there is no genuine issue to be tried.  Each statement of material fact must be followed by a citation to admissible evidence, as set forth and required by Rule 56(e) of the Federal Rules of Civil Procedure.

All parties receiving a Rule 56.1 Statement and wishing to oppose the motion must serve on the movant, within fourteen (14) days of receiving the movant's Rule 56.1 Statement, an original and two copies of a counter-statement pursuant to Rule 56.1(b) ("Rule 56.1 Counter-Statement").  Should the non-movant require additional time, the parties may agree among themselves to a reasonable extension.

**THE PARAGRAPHS IN THE COUNTER-STATEMENT MUST CORRESPOND WITH THE PARAGRAPHS IN THE MOVANT'S STATEMENT.**

Rule 56.1 Statements and Counter-Statements shall not be filed with the Court until the moving party requests a summary judgment pre-motion conference (see below).

    2. <u>Summary Judgment Pre-motion Conference</u>

After receiving the opposing party's Rule 56.1 Counter-Statement pursuant to Local Civil Rule 56.1, should the movant still wish to move for summary judgment, the movant shall write to Judge Seybert and request a pre-motion conference.  This letter should be filed electronically with a courtesy copy to Judge Seybert indicating that the original letter was

> filed electronically and the document number assigned. In no more than three (3) pages, the letter should briefly state the basis for the anticipated motion. The letter shall also contain a copy of the movant's Rule 56.1 Statement and the non-movant's Rule 56.1 Counter-Statement. The supporting exhibits need not be filed with the Court until the parties submit their supporting memoranda in accordance with the briefing schedule set by the Court.
>
> Within seven (7) days of receiving the movant's letter, the party opposing summary judgment must serve and file a letter of no more than three (3) pages setting forth the nature of the opposition to the motion.
>
> The arrangements for a pre-motion conference must be made with Judge Seybert prior to any deadline established by the Magistrate Judge for the making of dispositive motions.
>
> Adherence to Local Civil Rule 56.1 is required. A pre-motion conference will not be held until such time that the parties are in compliance with Local Civil Rule 56.1. **All parties are directed to review Local Rule 56.1 carefully. Statements submitted to the Court that are not in strict compliance with Local Rule 56.1 shall be rejected.**

(Indiv. Mot. Practices of Hon. Joanna Seybert, Rule IV.F.)

Here, Plaintiff has failed to follow any of the required procedures set forth in the Court's Individual Motion Practices. Moreover, he has failed to comply with Rule 56 of the Federal Rules of Civil Procedure, making his motion both procedurally and substantively defective. Accordingly, the Court DENIES Plaintiff's motion.

Additionally, he has failed to cite any sanctionable conduct by the Defendant or its counsel. Thus, the Court also DENIES Plaintiff's application for this relief.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED in its entirety. Plaintiff is directed to review the Individual Motion Practices of this Court, which can be viewed at http://www.nyed.uscourts.gov/pub/rules/JS-MLR.pdf. If Plaintiff cannot view this document online, he should contact the pro se office and a copy of this document will be provided to him.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September 30, 2010
         Central Islip, New York