UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDSON MAITLAND,

                        Plaintiff,

       -against-

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A. INC.,

                      Defendant.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
09-CV-1675 (JMA) (AKT)

FILED
CLERK

6/27/2016 9:55 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      On January 25, 2016, the Court issued a Memorandum and Order, granting defendant's motion for summary judgment on all of the pro se plaintiff's claims of employment discrimination. On February 19, 2016, plaintiff filed a motion for reconsideration of the Court's grant of summary judgment and dismissal of the case. For the reasons set forth below, plaintiff's motion is DENIED.

      As an initial matter, plaintiff's motion for reconsideration is untimely under the fourteen day deadline imposed by Local Civil Rule 6.3. However, the Court may liberally construe the pro se plaintiff's submission as a timely motion under Federal Rule of Civil Procedure 60(b). See Molina v. Whitney Museum of Art, No. 09-CV-3924, 2010 WL 3940693, at *1 (E.D.N.Y. Oct. 6, 2010) ("Courts sometimes construe untimely motions for reconsideration as being brought under Rule 60(b) of the Federal Rules of Civil Procedure, particularly when made by pro se litigants."); see also Hamlett v. Santander Consumer USA Inc., 931 F. Supp. 2d 451, 455 (E.D.N.Y. 2013) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.").

1

The Court has discretion to deny a motion pursuant to Rule 60(b). "Rule 60(b) desires to strike a balance between the policy favoring finality of judgment and the policy favoring disposing of litigants' claims on the merits." Snyder v. Shenendehowa Cent. Sch. Dist., 244 F.R.D. 152, 154 (N.D.N.Y. 2007) (citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The six grounds for relief include, inter alia, "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," and "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)

Even considering the solicitude provided to pro se litigants, plaintiff has failed to show he is entitled to the requested relief. Plaintiff argues that while he was preparing his appeal of the Court's decision, he discovered that several of his exhibits "have been compromised and was [sic] not filed" when defendant filed the fully-briefed motion, in accordance with the Court's bundling rule. (Mot. for Reconsideration at 2, ECF No. 161.) Defendant argues that plaintiff's motion should be denied because it is untimely and fails to meet the standard for reconsideration. Specifically, defendant filed these allegedly missing exhibits but did so under seal, pursuant to the parties' protective order from October 2009. These seven exhibits contain sensitive information regarding defendant's employees and former employees as well as plaintiff's own confidential medical records. Given these circumstances, plaintiff has provided the Court with no reason why it should reconsider its decision to grant defendant summary judgment.

Therefore, plaintiff's motion for reconsideration is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United

States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated: June 27, 2016
Central Islip, New York

                                                   /s/    JMA
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE